# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# OWENSBORO DIVISION
# CIVIL ACTION NO. 4:19-CV-00186-JHM-HBB

**TRAVELERS CASUALTY INSURANCE**
**COMPANY OF AMERICA**                                                                 **PLAINTIFF**

**v.**

**MUDD'S FURNITURE SHOWROOMS, INC.**                                        **DEFENDANT**

### MEMORANDUM OPINION & ORDER

### BACKGROUND

Before the Court is Plaintiff Travelers Casualty Insurance Company of America's motion to amend the Complaint (DN 28). Defendant Mudd's Furniture Showrooms, Inc. has filed a Response in opposition (DN 31), to which Travelers replied (DN 32).

### NATURE OF THE CASE

Travelers brings this action for declaratory judgment under a first-party property insurance policy it issued to Mudd's (DN 1 p. 1). Mudd's submitted a claim under the policy for property damage to the roofs of its building due to a windstorm (Id.). Resolution of what Travelers owed on the claim was eventually submitted to an umpire for an appraisal award (Id. at p. 4-8). Travelers seeks declarations that there is either no coverage or exclusion of coverage for certain items of property Mudd's claims to be damaged (Id. at p. 1-2). It also seeks declarations that the appraisal award includes amounts for repair or replacement of items not covered or are excluded under the policy, that the appraisal award is invalid because the umpire exceeded his authority or committed gross errors in resolving the differences between the parties' appointed appraisers, that Mudd's

breached the policy by failing to timely notify Travelers of the loss and failing to protect the property from further damage, and that it is not liable for the appraisal award to the extent it exceeds the actual amounts Mudd's spent for roof replacement (Id.).[1]

## TRAVELERS' MOTION

Travelers seeks to file an amended Complaint naming Jaron Jaggers and CMS Roofing, LLC as defendants (DN 28). Travelers contends that, during the course of discovery, it learned that Mudd's assigned its rights to the insurance claim to Jaggers and, as such, believes that he is the real party in interest (Id. at p. 2-3). Moreover, Travelers asserts that Jaggers had an improper financial arraignment with Mudd's appraiser, which prevented an impartial appraisal (Id. at p. 3). Finally, Travelers claims Jaggers and CMS submitted inflated estimates to the appraisal panel in order to recover more than the actual roof repair cost (Id.).

## MUDD'S RESPONSE

Mudd's presents a partial objection to Travelers' motion (DN 31). It states that it does not object to adding Jaggers and CMS "in order to ensure that the ultimate outcome of this litigation is binding on all parties with a legal interest in the subject umpire award which Travelers is trying to get vacated" (Id. at p. 1-2). However, Mudd's does object to the amendment of the Complaint to the extent Traveler's seeks to make new factual allegations and assert new legal theories in favor of vacating the umpire award (Id. at p. 2). These include the existence of an alleged referral fee between Jaggers and Mudd's appraiser; allegations of Mudd's appraiser's partiality; and whether Jaggers and CMS submitted inflated estimates (Id.).

---

[1] Mudd's has asserted a counterclaim for bad faith against Travelers (DN 11). However, that aspect of the case is bifurcated and in abeyance pending resolution of the underlying contract issues.

Mudd's sets forth an extensive argument in which it contests the factual accuracy of the allegations in the tendered amended Complaint (Id. at p. 5-12). For the reason discussed later in this Order, however, this portion of Mudd's Response is not relevant to the question of whether leave to amend should be granted. Mudd's relevant objections are that the motion to amend is untimely and that it would be futile (Id. at p. 12-15).

As to timeliness, Mudd's asserts that the documents relevant to the proposed amendment were produced months ago and no specific testimony from any deposed witness revealed or confirmed the alleged facts (Id.). Mudd's notes that the motion was not filed until approximately 12 weeks after the completion of depositions of the witness pertinent to the amended claims and months after production of documents (Id.). Mudd's notes that the motion comes after the expiration of the deadline for completion of fact discovery (Id.).

As to futility, Mudd's again points to factual disputes about the accuracy of the claims (Id.). However, as will be discussed, this is not the proper focus of consideration of whether an amendment would be futile.

## TRAVELERS' REPLY

Travelers contests Mudd's argument that its motion was not presented timely (DN 32 p. 7-9). It notes that depositions were completed on May 6, 2021, with the final transcripts of the depositions arriving on May 19, 2021 (Id.). Outstanding document requests were not received from Jaggers and CMS until June 11, 2021 (Id.). The subject motion was filed 12 days later (Id.). Travelers notes that COVID-19 impacted the scheduling of discovery, as did the failure of persons and entities subject to subpoenas to fully comply on a timely basis (Id.).

As to Mudd's argument on futility, Travelers appropriately notes that Mudd's arguments do not fit the applicable test, which will be discussed (Id. at p. 9-12).

DISCUSSION

The Court "should freely give leave [to amend] when justice so requires." FED. R. CIV. P. 15(a)(2). In light of this liberal view, a motion to amend a pleading "should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile." Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010) (citing Crawford v. Roane, 53 F.3d 750, 753 (6th Cir. 1995)).

As to Mudd's contention that Travelers' motion is not timely, Travelers has provided a reasonable explanation of the reason it was not in possession of sufficient information earlier in the case to allow it to seek amendment. Mudd's notes that the discovery deadline has passed, suggesting that it is prejudiced by new post-discovery allegations, but has not explained what additional discovery it would require to meet the allegations. The extensive argument it set forth in opposition to the factual accuracy of the proposed amendments demonstrates that it is in possession of sufficient information to mount its defense and will not be prejudiced by the amendment.

Turning to Mudd's futility assertion, Rose v. Hartford Underwriters Ins. Co., 203 F.3d 417, 420 (6th Cir. 2000) instructs that "[a] proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." In order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Further, a district court must "(1) view the complaint in the light most favorable to the plaintiff and (2) take all well pleaded factual allegations as true." Tackett v. M&G

Polymers, USA, LLC, 561 F.3d 478, 488 (6th Cir. 2009).  But the court "need not accept bare assertions of legal conclusions." Id. at 488.

In opposition to the motion to amend the complaint, Mudd's argues that the facts in the case do not support the claims Travelers seeks to assert.  However, the scope of inquiry for purposes of determining whether amendment of a complaint is futile is confined to an examination of the allegations set forth in the proposed amended complaint.  "The test for futility . . . does not depend on whether the proposed amendment could potentially be dismissed on a motion for summary judgment; instead, a proposed amendment is futile only if it could not withstand a Rule 12(b)(6) motion dismiss." Rose, 203 F.3d at 421.  Mudd's has not demonstrated that the allegations in the amended complaint are not plausible on their face such that they could not withstand a Rule 12(b)(6) motion.

## ORDER

**WHEREFORE**, the motion to amend the Complaint (DN 28) is **GRANTED**. Counsel for Plaintiff shall file its Amended Complaint without red lines **no later than August 13, 2021.**

H. Brent Brennenstuhl
United States Magistrate Judge

August 3, 2021

Copies:     Counsel of Record

5